United States District Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS DANIEL LOPEZ CRUZ, | § § § | CIVIL ACTION NO 4:25-cv-05442 |
| Petitioner, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

## ORDER

Pending is a petition for a writ of *habeas corpus* and an *ex parte* motion for temporary restraining order filed on November 13, 2025. Dkts 1 & 2.

Petitioner Denis Daniel Lopez Cruz is a citizen of Cuba who entered the United States without inspection on October 18, 2022. Dkt 1 at ¶¶13–14. He states that he fled Cuba because of "persecution and threats of violence against him" arising from "his previous political activism." Id at ¶13. An immigration officer determined that Petitioner was inadmissible upon his arrival and gave him a Notice and Order of Expedited Removal. Id at ¶15; see id at 30 (notice and order). Petitioner was then released from custody with instructions to check in with ICE Enforcement and Removal Operations. Id at ¶15.

Petitioner applied for asylum and withholding of removal in May 2023. Id at ¶16. He says that he was detained by ICE officers when he appeared for his credible fear interview on September 15, 2025. Id at ¶18. He was then transferred to Joe Corley Processing Center, where he currently remains. Dkt 1 at ¶¶1, 18.

On September 24, 2025, an immigration judge conducted a credible fear review of the asylum officer's decision. Though the IJ initially affirmed, he later withdrew that decision because "necessary components of the DHS credible fear determination were missing." Id at 36 (order of IJ). The IJ further ordered that the "DHS credible fear determination" be vacated. Ibid.

Petitioner now challenges his continued detention. He states causes of action for alleged violation of the INA and the Due Process Clause of the Fifth Amendment as interpreted in *Zadvydas v Davis*, 533 US 678 (2001). Id at ¶¶28–40. Among other relief, he requests a TRO directing Respondents to immediately release him from custody. Dkt 1 at 8.

Immediate release isn't warranted with entry of this Order. Petitioner hasn't provided sufficient evidence to warrant release before Respondents are given notice and the opportunity to respond. See FRCP 65(b)(1). As presented, the petition lacks factual clarity as to the current status of Petitioner and contains discrepancies in that regard. For example, see Dkt 1 at ¶23 (stating that he is "currently being detained under ICE custody undergoing removal proceedings"), ¶24 (stating that "no removal proceedings are pending against him"), ¶31 (stating that he "merits immediate release because there has been no final order of removal issued against him").

The motion for *ex parte* temporary restraining order is DENIED. Dkt 2.

That said, and even though not requested, Petitioner is entitled to a show-cause order pursuant to 8 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by November 20, 2025.

Counsel for Petitioner is ORDERED to provide immediate service of this Order by email directed to the counsel for Government with whom he has been in communication about this matter. It is noted that certificates of service attached to the petition appear to

indicate that Respondents have already been served. See Dkt 1 at 41–43.

This matter is SET for a show-cause hearing on November 24, 2025, at 10:30 am.

Given the approaching Thanksgiving holiday, it is unlikely that any request for extension will be granted.

SO ORDERED.

Signed on November 17, 2025, at Houston, Texas.

*/s/ C.R. Eskridge*
Hon Charles Eskridge
United States District Judge

3